Green, J.
delivered the opinion of the court.
At the first election of county officers in Claiborne county under the amended constitution, Walter Evans was elected register *25 of that county. In 1837 he died, and the vacancy was filled by the justices of said county on the 4th day of April, 1837, by the temporary appointment of the defendant, Hiram Hurst, to that office. On the 3d day of March, 1838, at the expiration of two years from the time of the first election, an election was held in said county to fill the vacancy occasioned by the expiration of the term of service of the sheriff and trustee; and an election was also held at the same time for register of the county, and the defendant was duly elected by the qualified voters thereof to that office. The defendant entered into bond, conditioned to discharge the duties of register faithfully for the next four years, and was qualified accordingly. At the time of the election of county officers in March, 1840, an election was held for register of said county, and the plaintiff, George Powers, was elected, gave bond and security, and was qualified as such officer. The plaintiff applied for the boohs and records belonging to said office, but the defendant refused to give them up, alleging that the time for which he had been elected being unexpired, he was still lawfully and constitutionally the register of Claiborne county. To obtain the said records, and to be let into the said office, this petition for a mandamus was filed. The circuit court, on consideration, dismissed the petition, and the plaintiff appealed in error to this court. The only question now for consideration is, was the election for register in March, 1838, constitutional? or should the temporary appointment of the justices have continued until March, 1840, the end of the time for which Evans had been elected? The constitution, art. 7, sec. 1, provides that “there shall be elected in each county, by the qualified voters therein, one sheriff, one trustee and one register; the sheriff and trustee for two years and the register for four years.” In the 2d section it is provided that “should a vacancy occur subsequent to the election in the office of sheriff, trustee, or register, it shall be filled by the justices; if in that of clerk, to be elected by the people, it shall be filled by the court, and the person so appointed shall continue in office until his successor shall be elected and qualified; and such office shall be filled by the qualified voters at the first election for any of the county officers.” ■ From these provisions it appears that these county officers are to be elected by the people of the county. They are constituted the general appointing power. Should a vacancy occur, it is to be filled by the justices. But this is only a temporary *26 appointment; and the office is to be filled by an election by the people “at the first election for any of the county officers.”
Two prominent objects are manifest in these provisions. In the first place that the officers should hold their offices at the will and by the voice of the people; and secondly, that the public tranquility should not be unnecessarily disturbed by causing the people to assemble for the appointment of a single officer, whenever by death, resignation or removal, any one of these offices might become vacant. Had the people been called on to fill these vacancies whenever they might occur, the popular assemblages would have been so frequent as to be exceedingly inconvenient, and the excitement attendant on elections demoralizing in their character, would have been a very great evil. Therefore the justices, who assemble at their county courts every month, are charged with the duty of filling these vacancies for the time being. But as it was thought desirable that these officers should be elected by the people, ’ there was no reason that the appointee of the justices should hold his appointment longer than until the next election for county officers. At that time the people must assemble for the election of those officers whose period of service may have expired; and they could as conveniently elect an additional officer as to elect those for whom they were called together to vote. Hence the constitution very properly provides that “such office shall be filled by the qualified voters at the first election for any of the county officers.”
The language of this provision is explicit, and in order to show that the temporary appointment should be made by the justices for the remainder of the unexpired term of the predecessor, a clear and manifest intention of the convention should be made to appear. But no such intention seems to have existed. To preserve uniformity in the appointment at the same time of officers of the same grade throughout the State, would be a matter of small moment and of no practical utility. But if it were a matter of greater importance than it is supposed to be, it would be unattainable. New counties have been admitted and will continue co be constituted ; the organization of which, by the election of county officers, would necessarily mar the supposed beauty and harmony which would result from preserving the terms of office entire;, while on the other hand the people would be kept for a great length of time from the exercise of the appointing power which it *27 was thought important for them to retain. Upon the whole, we are satisfied that the words of the constitution in providing that an office where there has been a temporary appointment by the justices “shall be filled by the qualified voters at the first election for any of the county officers,” express the meaning of the framers of that instrument, and therefore that the election for the defendant, Hurst, in March, 1838, waa regular, and consequently that his term of office will not expire until March, 1842. Let the judgment be affirmed.